```
            IN THE UNITED STATES DISTRICT COURT FOR
          THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                                *
DESERT AIRE CORPORATION
                                *
     Plaintiff,
                                *
v.
                                *       CIVIL NO.: WDQ-06-289
AAON INCORPORATED
                                *
     Defendants.
                                *

*    *    *    *    *    *    *    *    *    *    *    *    *
                        Memorandum Opinion
```

Desert Aire Corporation has sued AAON Incorporated for patent infringement. AAON has counterclaimed arguing patent invalidity and noninfringement. Pending is Desert Aire's Motion to Deem Defendant's Responses to Paragraphs 24-85 and 88-148 of the Complaint Admitted. For the following reasons the motion will be denied.

I. Background

Desert Aire is a Wisconsin based manufacturer of industrial dehumidifiers and the owner of United States Patent Number 6,055,818, "Method of Controlling Refrigerant Based Air Conditioner Leaving Air Temperature" ("the 818 patent"). Complaint, ¶ 1-2. AAON is a Nevada based manufacturer of air-conditioning and heating equipment. Complaint, ¶¶ 3-4.

Desert Aire has sued AAON alleging that AAON's RK and RM

1

series of rooftop units infringe the 818 patent.  Complaint ¶¶ 23, 87.  The allegations in paragraphs 24-85 and 88-148 of the Complaint mirror the claims of the 818 patent.  *See i.e.* Complaint, ¶ 24 ("the RM series product includes a refrigerant compressor").  AAON has denied the allegations in paragraphs 24-85 and 88-148, arguing that they contain "undefined terms."  *See i.e.* Answer, ¶ 24.

Desert Aire has moved to deem AAON's responses to be admissions, arguing that: 1) AAON's position that it cannot admit or deny the allegations is contradicted by affirmative defenses and counterclaims; and 2) the patent claims do not need to be interpreted by the Court before AAON answers the Complaint.  AAON argues in response that: 1) it has met the pleading requirements of Federal Rule of Civil Procedure 8(b); and 2) the contested paragraphs are procedurally and substantively improper.

II.  Analysis

Rule 8(b) provides that:

A party shall state in short and plain terms the party's defenses to each claim asserted and shall admit or deny the averments upon which the adverse party relies. If a party is without knowledge or information sufficient to form a belief as to the truth of an averment, the party shall so state and this has the effect of a denial.

Federal Rule of Civil Procedure 8(b).  According to Rule 8(f): "All pleadings shall be so construed as to do substantial justice."  Federal Rule of Civil Procedure 8(f).

2

AAON's denial of the allegations in paragraphs 24-85 and 88-148 on the grounds that they contain undefined terms constitutes a declaration that AAON is without information or knowledge sufficient to form a belief.  As Desert Aire has not offered its claim construction or defined the terms in the allegation, the fact that AAON cannot, at this stage, argue noninfringement of each claim of the 818 patent does not require deeming AAON's responses to be admissions.  Furthermore, AAON has denied that its RK or RM rooftop units infringe the 818 patent, putting Desert Aire on notice of its defense.  Answer, ¶ 23, 87.

As substantial justice would not be served by construing AAON's answers as admissions, Desert Aire's motion will be denied.

<u>May 15, 2006</u>                          <u>        /s/         </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge