IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

DESERT AIRE CORP.       *

     Plaintiff,       *

v.       *      CIVIL NO.: WDQ-06-289

      *

AAON INC.       *

     Defendant.       *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

MEMORANDUM OPINION

Desert Aire Corp. ("Desert Aire") has sued AAON, Inc. ("AAON") for patent infringement.  Pending is AAON's motion to amend its answer and counterclaim after the Court's scheduling order deadline for amendment has passed.  For the following reasons, the scheduling order will be modified, and the motion will be granted.

I.  Background

Desert Aire manufacturers industrial dehumidifiers and owns United States Patent Number 6,055,818, "Method for Controlling Refrigerant Based Air Conditioner Leaving Air Temperature" (the "'818 patent").  Compl. ¶ 1-2.  AAON manufactures air-conditioning and heating equipment.  Compl. ¶¶ 3-4.  Desert Aire has sued AAON, alleging that AAON's RK and RM series of rooftop units infringe the '818 patent.  Compl. ¶¶ 23, 87.

1

AAON filed its answer and counterclaim on March 13, 2006, asserting non-infringement and patent invalidity.  The March 14, 2006 scheduling order set a deadline of April 28, 2006 for amendment of pleadings.

AAON alleges that after discovery from Sporlan Valve Co. ("Sporlan") in May 2006, and the receipt of confirming information from Desert Aire in July 2006, it determined that Desert Aire had failed to disclose material prior art during prosecution of the '818 Patent.  AAON has moved to amend its answer and counterclaim to add allegations that Desert Aire's '818 Patent is unenforceable because of Desert Aire's inequitable conduct.

II.  Analysis

A. Standard of Review

When a motion to amend is filed past the deadline set in a scheduling order, a moving party must first satisfy the good cause requirement for modification of the order under Federal Rule of Civil Procedure 16(b); if the party satisfies Rule 16(b), it must then meet the standard for amendment under Rule 15(a). *Odyssey Travel Center, Inc. v. RO Cruises, Inc.*, 262 F. Supp 2d 618, 631 (D. Md. 2003); *see also S&W Enterprises, L.L.C. v. SouthTrust Bank of Alabama, NA*, 315 F.3d 533, 536 (5th Cir. 2003) (*citing Parker v. Columbia Pictures Industries*, 204 F.3d 326, 342

(2d Cir. 2000); *In re Milk Prods. Antitrust Litig.*, 195 F.3d 430, 437 (8th Cir. 1999); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (per curiam); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992); *Riofrio Anda v. Ralston Purina Co.*, 959 F.2d 1149, 1154-55 (1st Cir. 1992)).

B.  Modification of the Scheduling Order

    Under Rule 16(b), "[a] schedule shall not be modified except upon showing of good cause and by leave of the district judge." Although "the requirements of the pretrial order are not set in stone, . . . the terms of the order must be firmly and fairly enforced by the district judge if it is to serve the purpose of pretrial management designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Barwick v. Celotex Corp.*, 736 F.2d 946, 954-55 (4th Cir. 1984) (*quoting* Fed. R. Civ. P. 1).  To show good cause, the moving party must demonstrate its diligence in trying to meet the order's requirements.  *E.g. Andretti v. Borla Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2005); *Steir v. Girl Scouts of the USA*, 383 F.3d 7, 12 (1st Cir. 2004); *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003); *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001); *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992); *Odyssey Travel Center, Inc.*, 262 F. Supp 2d

at 632.

Desert Aire contends that AAON first indicated that the '818 Patent might be unenforceable because of inequitable conduct in a March 2, 2006 letter to Desert Aire.  Pl.'s Resp., Ex. 1 at 5. Desert Aire argues that the amendment could have been made then or soon after, before the April 28 deadline, and so AAON has not been diligent.  AAON argues that it lacked sufficient information to meet Rule 9(b)'s particular pleading requirements for inequitable conduct until July 2006.

A claim for inequitable conduct is subject to the particularity requirements of Rule 9(b).  *E.g. MedImmune, Inc. v. Centocor, Inc.*, 271 F. Supp. 2d 762, 772 (D. Md. 2003); *Rhone-Poulenc Agro S.A. v. Monsanto, Co.*, 73 F. Supp. 2d 537, 538 (M.D.N.C. 1999); *Enzo Life Sciences, Inc. v. Digene Corp.,* 270 F. Supp. 2d 484, 487-88 (D. Del. 2003) (stating that a majority of the federal courts have held that Rule 9(b) applies to inequitable conduct claims in patent cases).  AAON asserts that only after the May 5, 2006 deposition of Sporlan employee Brian Dolin, followed by statements made by Desert Aire on July 7, 2006, did it have the information necessary to plead its inequitable conduct claim with the required particularity. AAON's filing of this motion on August 2, 2006 was done within a reasonable time after Desert Aire's refusal to agree to an

amendment on July 18, 2006.[1]  AAON's decision to withhold its
claim of inequitable conduct until it had sufficient information
to state the claim with particularity was reasonable and
indicates it acted with diligence to meet the scheduling order's
requirements.  The Court finds good cause to modify the
scheduling order under Rule 16(b) to permit the amendment.


C.  Amendment of Pleading

    Under Rule 15(a), after a responsive pleading has been
served by the adverse party, a party may amend its pleading "only
by leave of court or by written consent of the adverse party; and
leave shall be freely given when justice so requires."  "The law
is well settled that leave to amend a pleading should be denied
*only when* the amendment would be prejudicial to the opposing
party, there has been bad faith on the part of the moving party,
or the amendment would be futile.  *Edwards v. City of Goldsboro*,
178 F.3d 231, 242 (4th Cir. 1999) (internal quotation marks and
citation omitted).  "Delay alone is an insufficient reason to
deny leave to amend. . . . Rather, the delay must be accompanied
by prejudice, bad faith, or futility."  *Id*.  Desert Aire does not
argue that AAON seeks to amend in bad faith, but it does contend
that such an amendment would be prejudicial and futile.

---

    [1] A stipulated amendment would have required the Court's
approval to modify the scheduling order under Rule 16(b).

5

1.  Prejudice

Desert Aire contends that it will be prejudiced by the amendment, as document discovery was closed before AAON's motion to amend, and it can no longer obtain discovery of: (1) the originals of the documents alleged to be prior art in the deposition of Sporlan employee Brian Dolin to determine their authenticity; (2) any other unidentified alleged prior art; or (3) the identity of any alleged prior inventor.  Desert Aire further contends that Rule 26(b)(1) limited the scope of its discovery prior to AAON's motion to "any matter, not privileged, that [was] relevant to the claim or defense of any party."

AAON argues that Desert Aire already possesses all the information it needs for its defense of the proposed amendment. AAON discloses the basis for its inequitable conduct claim in its July 3, 2006 responses to Desert Aire's interrogatories.  Def.'s Mot., Ex. 9 at 4-5, Ex. 10 at 3-4.  AAON also asserts that Desert Aire fully participated in the deposition of Sporlan, has based interrogatories on the allegations in the amendment, and had an opportunity to take depositions of AAON and other third parties after the motion to amend was filed.  AAON further contends that the original of the prior art alleged in the Dolin deposition was known by Desert Aire to be available for inspection during document discovery and is still available for inspection and

trial.

Desert Aire's arguments for prejudice are unconvincing, as the record shows it has had ample notice of the allegations of inequitable conduct in the proposed amendment.  Desert Aire has been aware of AAON's contention of inequitable conduct since its receipt of AAON's March 2, 2006 letter.  It was present at the deposition of Sporlan employee Brian Dolan on May 5 when more information regarding AAON's contention was revealed.  It received further notice of the potential claim in AAON's discovery responses on July 3, and knew of AAON's claim when it declined to agree to the amendment on July 18, before the close of document discovery on July 27, 2006.  Moreover, Desert Aire does not explain how matters relevant to AAON's claim of inequitable conduct would be so far afield from AAON's existing defenses and counterclaims as to fall outside the broad scope of Rule 26(b)(1)'s "matters . . . relevant to the claim or defense of any party," thereby precluding their discovery.  Neither is it prejudicial to Desert Aire that cross-motions for summary judgment are already pending; as AAON points out, dispositive pretrial motions are not due until January 5, 2007.  Furthermore, if there is some relevant discovery that Desert Aire, despite its diligence, was unable to obtain, it is in the Court's discretion to modify the scheduling order for such good cause under Rule 16(b).

2.  Futility of Amendment

A proposed amendment to a complaint is futile if it would not withstand a motion to dismiss under Rule 12(b)(6).  *Classen Immunotherapies, Inc., v. King Pharmaceuticals, Inc.*, 403 F. Supp. 2d 451, 459 (D. Md. 2005) (*citing Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995).

Under Rule 12(b)(6), a motion to dismiss should be granted "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002), (*citing Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)); *Mylan Laboratories, Inc. v. Raj Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).  All allegations are treated as true, and the complaint is viewed in the light most favorable to the plaintiff.  *Mylan*, 7 F.3d at 1134.  In deciding a Rule 12(b)(6) motion, a court will consider the facts stated in the complaint and any attached documents.  *Biospherics, Inc., v. Forbes, Inc.*, 989 F. Supp. 748, 749 (D. Md. 1997), *aff'd*, 151 F.3d 180 (4th Cir. 1998).  A court may also consider documents referred to in the complaint and relied upon by the plaintiff in bringing the action.  *Id*.

Inequitable conduct is a breach of the patent applicant's duty of candor and good faith to the United States Patent and Trademark Office ("PTO"), and "includes affirmative

8

misrepresentation of a material fact, failure to disclose
material information, or submission of false material
information, coupled with an intent to deceive." *Novo Nordisk
Pharmaceuticals, Inc. v. Bio-Technology General Corp.*, 424 F.3d
1347, 1359 (Fed. Cir. 2005) (internal quotation marks and
citations omitted).  As stated above, a claim of inequitable
conduct must be pled with particularity under Rule 9(b), although
the element of intent may be averred generally.  *MedImmune, Inc.*,
271 F. Supp. 2d at 772.[2]  "[T]he 'circumstances' required to be
pled with particularity under Rule 9(b) are 'the time, place, and
contents of the false representations, as well as the identity of
the person making the misrepresentation and what he obtained
thereby.'"  *Harrison v. Westinghouse Savannah River Co.*, 176 F.3d
776, 784 (4th Cir. 1999)(*quoting* 5 Charles Alan Wright and Arthur
R. Miller, Federal Practice and Procedure: Civil § 1297 at 590
(2d ed. 1990)).  The second sentence of Rule 9(b) permits
conclusory allegations of a defendant's intent to deceive.  *Id.*

The proposed amendment to AAON's answer and counterclaim
pleads with particularity: (1) the time: the period the '818
Patent was prosecuted by the PTO (Pl.'s Am. Answer ¶ 162, and
Countercl. ¶ 12); (2) the place: the PTO (Pl.'s Am. Answer ¶ 162,

---

[2] Rule 9(b) requires that "the circumstances constituting
fraud or mistake shall be stated with particularity.  Malice,
intent, knowledge, and other condition of mind of a person may be
averred generally." Fed. R. Civ. P. 9(b).

and Countercl. ¶ 12); (3) the material omission: Desert Aire's alleged failure to disclose the Sporlan engineering drawing as material prior art to the PTO (Pl.'s Am. Answer ¶¶ 160-63, and Countercl. ¶¶ 10-13); (4) the identities of the persons omitting the material facts: Desert Aire, its President, Keith Coursin, and inventors Phil Valle and Pete Groenewald (Pl.'s Am. Answer ¶¶ 160-63, and Countercl. ¶¶ 10-13); and (5) what they obtained thereby: the '818 Patent (Pl.'s Am. Answer ¶ 164, and Countercl. ¶ 14).   The proposed amendment also alleges intent to deceive the PTO.  Pl.'s Am. Answer ¶ 163, and Countercl. ¶ 13.  AAON's proposed amendment states a claim upon which relief can be granted under Rules 9(b) and 12(b)(6) and thus is not futile. Not finding prejudice, bad faith, or futility in the proposed amendment, the Court will grant the motion.

## III.  Conclusion

For the reasons stated above, the Court will modify the scheduling order to permit the proposed amendment to AAON's answer and counterclaim, and AAON's motion to amend its answer and counterclaim will be granted.


<u>October 4, 2006</u>                        <u>          /s/          </u>
Date                                William D. Quarles, Jr.
                                    United States District Judge